## The State *v.* Farron et al.

Though there be no proof that a judgment, rendered against the principal and surety in a bond taken by one of the recorders of the city of New Orleans for the appearance of the principal to answer a charge of assault and battery, was ever notified to the parties, it cannot be set aside, under the provisions of the stat. of 11 March, 1837, after the lapse of ten days from the date of an offer made, with the assent of the principal, by the surety, in court, to surrender his principal, and of an application by the surety for the cancelling of the mortgage resulting from the recording of the judgment in the mortgage office.

APPEAL from the District Court of the First District of New Orleans, McHenry, J. *Elmore*, Attorney General, for the State. *Collens*, for the appellant. The judgment of the court (*King*, J. absent,) was pronounced by

Eustis, C. J. On the 10th of June, 1844, a judgment was rendered in the late Criminal Court of the First District, against *Farron* and *D'Hebecourt*, on a bond executed by them before one of the recorders of New Orleans, for the appearance of *Farron* to answer a charge of assault and battery.

On the 20th March, 1848, *D'Hebecourt* took a rule on the attorney general, in the First District Court of New Orleans, to show cause why he should not be discharged from the bond and judgment, on the ground that he, the surety, had made a formal surrender of the body of the principal to the sheriff in open court on the 17th instant, and that, even admitting the judgment to be legal and in due form, which was not conceded, the surrender was made in time, no notice of said judgment having been served on the appearer. The district judge having discharged the rule, after hearing the attorney general in opposition to the action of the court as invoked, the defendant, *D'Hebecourt*, has appealed. The decision of the district judge was founded upon the opinion that, the court had no power to release a surety against a judgment of the late Criminal Court, on a bond forfeited in 1844.

We have examined the different points presented in the argument of counsel, which we consider untenable. Under the law of 1837, a judgment of this description, rendered in the parish of New Orleans, could be set aside for proper cause, at any time within ten days after notice to the parties. It is admitted that, on the 13th of January, 1848, the defendant offered in open court to surrender his principal into custody, he the said principal thereunto assenting. It does not appear that the judgment ever was notified to the parties. But on this day, the 13th of January, 1848, an application was made by the counsel for *D'Hebecourt* for the erasure and cancelling of the judicial mortgage, recorded in the mortgage office, and purporting to be the record of a judgment rendered on the 10th of June, 1844, on the ground that no such judgment was rendered, or entered, on said day, or any other. This appearance of the defendant, and his application for relief from the mortgage resulting from the judgment, fully justified the district judge in his conclusion, that every thing had been done in accordance with law in the late Criminal Court, independent of the presumption which the law implies to that effect. Had the application been made to set aside this judgment within ten days from the day on which the appellant made the motion for the can-

STATE
v.
FARRON.

celling of the mortgage, a different question would have been presented. The judgment must, therefore, be considered as final, and in full effect.

We are by no means prepared to say that the appellant can be relieved against this judgment, by an ordinary action of nullity. Illegal and irregular as it is, it is still a judgment, and the State is the plaintiff. The remedy for the defendant is within the legislative power, and we are satisfied that it will not be withheld on a proper application.                                   *Judgment affirmed.*